UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                       CASE NO.

**AUTHUR H. FRANKLIN**                                       **09-11784**

DEBTOR                                                       CHAPTER 13

### MEMORANDUM OPINION

Ocwen Loan Servicing LLC, as servicer for Deutsche Bank National Trust Company, as

Trustee for the registered holders of Morgan Stanley Abs Capital I Inc. Trust 2007-HE7

Mortgage Pass-Through Certificates, Series 2007 HE7 ("Ocwen"), moved for relief from the

claim bar date to file a proof of claim for residential mortgage arrearages.  Although no party in

interest opposed the motion, Ocwen has established no ground for relief from the deadline for

proofs of claim and so its motion is denied.

### FACTS

The relevant facts are not in dispute.  Debtor Authur Franklin filed chapter 13 on

November 13, 2009.  He filed a proposed chapter 13 plan on December 9, 2009, and the court

later confirmed the plan without objection of any party in interest.[1]

The debtor's mortgage servicer, Saxon Mortgage Services, Inc., transferred responsibility

for servicing his mortgage loan to Ocwen on November 16, 2009, shortly after the debtor filed

chapter 13 but almost a month before he had filed his proposed plan.[2]  The notice of

---

[1]  March 2, 2010 order confirming plan (P-28).

[2]  Ocwen's August 20, 2010 proof of claim is accompanied by a copy of the notarial endorsement and assignment of
the mortgage note from New Century Mortgage Corporation (the original payee on the August 12, 2005 mortgage
note) to Deutsche Bank National Trust Company as trustee, in care of Ocwen.  The assignment recites that it was
"made and entered into as of" November 16, 2009, though it was signed in the presence of a notary public on
August 25, 2010.

commencement of the chapter 13 case announced that the confirmation hearing was scheduled

for February 3, 2010.[3]  Local Rule 3015-2 requires that confirmation objections be filed no later

than fifteen days before the scheduled confirmation hearing: in this case, January 19, 2010.

Neither Saxon nor Ocwen objected to the debtor's plan.

The debtor's plan identified Saxon Mortgage Services as the holder of a $74,279.00 claim

secured by the debtor's principal residence, and provided that the debtor would pay monthly

installments on the mortgage debt.[4]  The debtor's plan also provided that Saxon would be paid

$6500 over thirty-four months to satisfy its claim for pre-bankruptcy mortgage arrearages.

Ocwen did not make an appearance in the chapter 13 case until its counsel filed a request

for notice on August 24, 2010, more than nine months after the petition was filed and half a year

after the court confirmed the debtor's plan.  The mortgage creditor sought relief from the claim

bar date[5] only after it filed its proof of claim on September 24, 2010.[6]  Ocwen's untimely proof

of claim includes pre-bankruptcy mortgage arrearages of $8213.39, in contrast to the $6500 the

debtor's confirmed provides for the claim.

Ocwen offered no evidence to support its motion and its counsel conceded at the

November 17, 2010 hearing on the motion that it was not contending that it did not receive

notice.  That admission supports an inference that Ocwen timely received notice of all relevant

deadlines in the case in time to act to protect its interests.

---

[3]  The Bankruptcy Noticing Center certified that it mailed notice of the commencement of the case to Saxon and also to its counsel, Shapiro & Daigrepont LLC, on November 18, 2009 (P-5).  Shapiro & Daigrepont, *LLP*, which has the same mailing address as the limited liability company of the same name, is Ocwen's counsel.

[4]  The form chapter 13 plan in the Middle District of Louisiana also provides for adjustments in the required payment for escrow and interest rate changes where appropriate.

[5]  Motion to Allow Claim Filed after Claims Deadline (Claim No. 9) filed October 7, 2010 (P-34).

[6]  Ocwen's proof of claim was dated August 20, 2010.  The creditor offered no explanation for the month-long delay between execution and filing.

ANALYSIS

Ocwen's motion presents two issues: first, whether it is entitled to relief from the claim bar date; second, the effect of allowing its untimely claim on the confirmed plan.

I.      *No Basis Exists for Allowing Ocwen to File an Untimely Proof of Claim.*

Ocwen's motion and memorandum comprise a scattershot approach to obtaining recognition of its claim.

a.   Ocwen's Claim was Filed after the Bar Date.

Federal Rule of Bankruptcy Procedure Rule 3002(c) establishes the deadline for filing proofs of claim in chapter 13 cases.  The rule requires that proofs of claim be filed not later than ninety days after the first date set for the meeting of creditors under 11 U.S.C. §341(a), with exceptions not relevant to Ocwen's motion.  Ocwen is an experienced participant in chapter 13 cases and so should have known of the rule, but in any event it received actual notice of the specific deadline in the clerk's notice of commencement of the chapter 13 case.  That mailing conspicuously noted the March 15, 2010 deadline for filling proofs of claim.

Ocwen does not argue that it lacked notice or advance any reason for its neglect in filing a timely proof of claim.  Accordingly, Rule 3002(c)'s application is straightforward: the claim is untimely.

b.   Ocwen's Claim is not "Deemed Allowed."

Ocwen argues that because it has filed its claim, and no party in interest has objected, its claim is deemed allowed under 11 U.S.C. §502.  Apart from the illogicality of seeking leave of court to file the late claim if absence of an objection would result in the claim's allowance, Ocwen's broad-brush approach misses the nuances in the Bankruptcy Code's treatment of proofs of claim.

Bankruptcy Code section 502(a) in relevant part provides that a proof of claim filed under 11 U.S.C. §501 is deemed allowed unless a party in interest objects. Deemed allowance entitles the claim to *prima facie* effect – in other words, the claim is accepted as valid on its face without further proof. Fed. R. Bankr. P. 3001(f). Section 502(c) only confers "deemed allowed" status on proofs of claim filed in conformity with Bankruptcy Code section 501. Sections 501(b) and (c) specifically refer to timely claims. Thus, by implication only timely proofs of claim can be "deemed allowed" under section 502.[7]

Because Ocwen did not file a timely claim, its claim – notwithstanding the lack of an objection – is not deemed allowed.[8]

      c. Ocwen is not Entitled to Relief under Bankruptcy Code Section 502(j).

Ocwen next argues that 11 U.S.C. §502(j) authorizes allowance of its claim. Bankruptcy Code section 502(j)[9] applies to claims that a court has considered and held to be valid (allowed) or invalid (disallowed). Ocwen points to no jurisprudence suggesting that a bankruptcy court may use its equitable powers under 11 U.S.C. §105 in conjunction with section 502(j) to allow Ocwen's claim. Ocwen's proposed application of section 502(j) is misplaced.

---

[7] *See In re Simmons*, 765 F.2d 547, 553 (5th Cir. 1985) ("[w]e must determine then when a secured claim, proof of which has been *timely filed* in a Chapter 13 case, must be allowed" (Emphasis added).)

[8] Even if Ocwen's claim were "deemed allowed," it would remain subject to the trustee's later objection to its timeliness under 11 U.S.C. §502(b)(9). *See In re Stewart*, 2010 WL 3490976, *5 (Bankr. E.D. La., August 23, 2010) ("'Bankruptcy Rule 3007 sets no time limit within which the trustee must object to the allowance of a claim'" (citations omitted).)

[9] Bankruptcy Code section 502(j): "A claim *that has been allowed or disallowed* may be reconsidered for cause" (emphasis added).

## II.    Ocwen is Bound by the Confirmed Plan Even if its Claim were Allowed

Ocwen argues that its claim was fully secured by the debtor's residence, that the debtor "presumably" intended to pay the full arrearage claim, and therefore that the court should permit Ocwen to file the untimely claim so that the debtor could file a modified plan to correct the arrearage payment.  Ocwen's argument bootstraps from the anti-modification provision in 11 U.S.C. §1322(b)(2),[10] to the Fifth Circuit's opinions in *In re Simmons*, 765 F.2d 547 (5th Cir. 1985) and *Matter of Howard*, 972 F.2d 639 (5th Cir. 1992), to reason that the untimely claim must be allowed because the confirmed plan does not bind it.

The opinion of the United States Supreme Court in *United Student Aid Funds, Inc. v. Espinosa*, __ U.S. __, 130 S.Ct. 1367, 176 L. Ed. 2d 158 (2010) has changed the analysis of the effect of confirmed chapter 13 plans.  The student loan creditor in *Espinosa* sought relief from the bankruptcy court's order confirming a chapter 13 plan that improperly discharged interest on a non-dischargeable student loan debt.[11]  The creditor argued that the bankruptcy court's order confirmed a plan that treated its debt in a way the Bankruptcy Code specifically prohibited, and so the debt was discharged without the required adversary proceeding and the proper due process of a summons and complaint.  However, the *Espinosa* court concluded that notwithstanding the improper provision, the need for finality of judgments trumped the procedural requirement of an adversary proceeding to discharge the student loan debt when the notice given to the creditor satisfied due process.  The student loan creditor had received a copy of the plan and notice of the

---

[10]    Bankruptcy Code section 1322(b)(2) allows chapter 13 plans to modify the rights of creditors holding secured claims *other than* claims secured by a debtor's principal residence.

[11]    Student loan debts, such as that in *Espinosa*, are dischargeable only after the debtor establishes in an adversary proceeding that repayment would impose an undue hardship on the debtor and his dependents.  11 U.S.C. §523(a)(8).

confirmation hearing, and thus had notice sufficient to satisfy the requirements of due process. Its failure to object to confirmation or to appeal the confirmation order left the confirmation order a final judgment as to all matters it addressed, including the dischargeability of the student loan debt. *Id*. at 1380.[12]  In other words, even though the bankruptcy court should not have confirmed the plan that discharged any part of the student loan debt, once confirmed the plan could not be revisited.

Fifth Circuit jurisprudence pre-dating *Espinosa*, such as *Simmons* and *Howard*, did not necessarily treat a confirmed chapter 13 plan as binding on creditors holding secured claims, even creditors that had notice of the plan's treatment of their claims.  Debtors were required to object to the creditors' claims and initiate a contested matter,[13] absent which a confirmed chapter 13 plan's treatment of secured debt was ineffective.[14]  *Espinosa* compels a different analysis and different result from *Howard* and *Simmons* on the record here: the confirmed chapter 13 plan binds Ocwen because it had notice of the case well before confirmation and plainly in time to file a proof of claim and take other steps to protect its interest.

Finally, Ocwen seeks to distinguish *Espinosa* because this debtor has not completed his plan payments (and therefore is not yet entitled to a discharge), and his case remains open, unlike

---

[12]  Under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct 652, 94 L.Ed. 865 (1950), due process does not require actual notice.  However, the *Espinosa* student loan creditor actually received notice of the proposed plan and its treatment of the student loan debt.  The Supreme Court held that this satisfied the creditor's due process rights.  *Espinosa*, 130 S.Ct. at 1378.

[13]  *See* Fed. R. Bankr. P. 9014.

[14]  The rule applied to all secured claims, not only those relating to residential real property.

the *Espinosa* debtor.[15]  That is a distinction without a difference: the confirmation order is a final

and non-appealable judgment whether or not the debtor's chapter 13 case remains open.[16]

Ocwen acknowledged receiving notice of the debtor's bankruptcy filing, which supports

an inference that Ocwen received notice of the plan confirmation hearing and had the

opportunity to review the plan's provision for treatment of its mortgage claim.  Ocwen received

due process, and is bound by the debtor's plan.  Thus, even if its claim were allowed, Ocwen

would be entitled to be paid on its claim only the amount that the plan provided, rather than the

amount in its untimely proof of claim.

CONCLUSION

Ocwen has proven no ground for allowing relief from the claims bar date and therefore

its motion requesting that relief is denied.

Baton Rouge, Louisiana, March 4, 2011.

**s/Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[15]  The creditor in *Espinosa* sought relief from the confirmation order ten years after confirmation.

[16]  Ocwen also would stretch the Fifth Circuit's conclusion in *In re Kleibrink*, 621 F.3d 370 (5th Cir. 2010), to fit the facts of this case.  The *Kleibrink* debtor filed bankruptcy to avoid foreclosure by a secured creditor and then objected to the creditor's claim on the ground that the debt had been discharged in the debtor's earlier bankruptcy.  The court held that the debtor's multiple objections were so confusing that the creditor had not received sufficient notice of the objection to satisfy due process, contrasting the notice to that the Supreme Court found adequate in *Espinosa*.  *Id*. at 371.

7